IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE, VIRGINIA

HECTOR FARIAS, DAVID DE JESUS, OSMELY PEROZO-FERREIRA, and ANTONIO LUNA

*individually and on behalf of themselves and others similarly situated*,

    *Plaintiffs*,

  v.

STRICKLAND WATERPROOFING COMPANY, INCORPORATED.

    *Defendant*.

Civil Action No.: 3:20cv76

## COLLECTIVE AND CLASS ACTION COMPLAINT

1. Wage theft is rampant in the Commonwealth of Virginia, prompting the recent adoption of new Virginia State laws designed to compensate its victims and incentivize employers' compliance with lawful wage payment practices. Worker misclassification is a form of wage theft and payroll abuse where workers that should be classified as employees are illegally classified as independent contractors. By misclassifying workers, employers deny employees their lawful wages (including overtime premiums) and benefits, while simultaneously underfunding social insurance programs like Social Security, Medicaid, unemployment insurance, and workers' compensation.

2. Strickland Waterproofing Company, Incorporated ("Strickland") has engaged in numerous forms of wage theft, including failing to pay employees the legally-required overtime

rate, illegally deducting monies from employees' paychecks, and improperly classifying employees as independent contractors.

3. Plaintiffs Hector Farias, David De Jesus, Osmely Perozo-Ferreira, and Antonio Luna (together, "Plaintiffs") by and through their undersigned counsel, bring this action on behalf of themselves and others similarly situated against Defendant Strickland for failing to pay their employees the legally required overtime rate for hours worked over forty in violation of the Federal Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 201 *et. seq.*, unlawfully deducting money from their paychecks and requiring them to sign independent contractor agreements in violation of the Virginia Wage Payment Law, Virginia Code § 40.1-29, and misclassifying their employees as independent contractors in violation of the Virginia Misclassification Law, Va. Code § 40.1-28.7:7.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendant pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337(a) relating to "any civil action or proceeding arising under an Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a), which confers federal subject matter jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." As discussed below, Plaintiffs' state-law claims arise from a common set of operative facts—*i.e.,* their employment by Defendant—and are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy.

6.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) as a substantial portion of the events or omissions giving rise to the claim occurred in this District and the Charlottesville Division.

## PARTIES

7.  Plaintiff Hector Farias is a resident of North Carolina and is employed by Defendant Strickland Waterproofing as a construction worker at various locations in and around Virginia, including in the Charlottesville area.

8.  Plaintiff David De Jesus is a resident of North Carolina and is employed by Defendant Strickland Waterproofing as a construction worker at various locations in and around Virginia, including in the Charlottesville area.

9.  Plaintiff Osmely Perozo-Ferreira is a resident of North Carolina and was employed by Defendant Strickland as a construction worker at various locations in and around Virginia, including in the Charlottesville area.

10. Plaintiff Antonio Luna is a resident of North Carolina and is employed by Defendant Strickland as a construction worker at various locations in and around Virginia, including in the Charlottesville area.

11. Defendant Strickland Waterproofing Company, Incorporated ("Strickland") is waterproofing company based in Charlotte, North Carolina which performs substantial work in Virginia, including in the Charlottesville area.

12. Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

13. Defendant is a company with employees involved in interstate commerce, including by regularly performing work on construction projects in Virginia and other states, by purchasing and using materials produced and transported in interstate commerce in construction projects, and by regularly using interstate payment systems to make and receive payments relating to construction projects and by regularly using interstate means of communications to facilitate work on construction projects.

### FACTUAL ALLEGATIONS

14. During at least the three-year period prior to the date of the filing of this Complaint, Defendant Strickland is or had been a waterproofing company at numerous construction projects in the Southeastern United States (the "Projects"). These job sites include, but are not limited to:

  a. Kinsale Insurance Headquarters, 2035 Maywill Street in Richmond, Virginia (the "Kinsale Project"). The General Contractor on the Kinsale Project was Hourigan Construction.

  b. Virginia Tech Creativity and Innovation District Residence Hall at 175 Otey Street in Blacksburg, Virginia (the "Virginia Tech Project"). The General Contractor on the Virginia Tech Project was WM Jordan Company.

  c. Kenswick Hall at 701 Club Drive in Kenswick, Virginia (the "Kenswick Hall Project."). The General Contractor on Kenswick Hall Project was WM Jordan Company.

  d. Dominion Workplace Office Building at 600 E. Canal Street in Richmond (the "Dominion Project"). The General Contractor on the Dominion Project was Hourigan Construction.

  e. VCU Adult Outpatient Facility located at 599 N. 10th Street in Richmond, Virginia (the "VCU Project"). The General Contractor on the VCU Project was Hourigan Construction.

  f. Apex Charlottesville Headquarters at 100 Garrett Street in Charlottesville, Virginia (the "Apex Project").

  g. University of Virginia Pinn Hall located at 1340 Jefferson Park Avenue in Charlottesville, Virginia (the "UVA Project").

15. Plaintiff Farias has worked for Defendant since approximately June 2017 and still works for Defendant. Plaintiff Farias has worked on projects for Defendant including the Kinsale Project, the Virginia Tech Project, the Kenswick Hall Project, and the Dominion Project.

16. Plaintiff De Jesus has worked for Defendant since approximately December 2018 and still works for Defendant. Plaintiff De Jesus has worked on projects for Defendant including the Kinsale Project, the Virginia Tech Project, the Kenswick Hall Project, and the Dominion Project.

17. Plaintiff Perozo-Ferreira worked for Defendant from approximately October 2019 through approximately November 2020. Plaintiff Perozo-Ferreira has worked on projects for Defendant including the Kinsale Project, the Virginia Tech Project, the Kenswick Hall Project, and the Dominion Project.

18. Plaintiff Luna has worked for Defendant since approximately December 2018 and still works for Defendant. Plaintiff Luna has worked on projects for Defendant including the Kinsale Project, the Virginia Tech Project, the Kenswick Hall Project, and the Dominion Project.

19. Defendant required Plaintiffs and others similarly situated to sign a document agreeing to be treated as independent contractors.

20. Although Defendant has designated Plaintiffs and other similarly situated individuals as independent contractors, they are in fact employees of Defendant Strickland.

21. Defendant sets Plaintiffs' schedules. Defendant determines the days and hours that Plaintiffs and others similarly situated need to be at each worksite.

22. Defendant provides Plaintiffs and others similarly situated with equipment and tools.

23. The services of Plaintiffs and other similarly situated individuals were and are directed and controlled by Defendant Strickland.

24. Plaintiffs and others similarly situated were and are supervised directly by Defendant Strickland.

25. Defendant provides Plaintiffs and other similarly situated individuals their daily work assignments and directs, supervises, and controls Plaintiffs' day-to-day work.

26. Plaintiffs punch in using the "uAttend" application, and Defendant maintains a record of the hours worked by Plaintiffs and other similarly situated individuals.

27. Plaintiffs typically work at least forty hours a week for Defendant.

28. The work performed by Plaintiffs and other similarly situated individuals are within the usual course of Defendant's business. Plaintiffs were not engaged in work that is customarily an independently established trade, and Plaintiffs were not exempt employees.

29. Defendant is an employer of each Plaintiff. The employer-employee relationship existed for reasons that included the following: Defendant supervised, directed, and controlled the work of each Plaintiff, set Plaintiffs' schedules, had the power to hire and fire Plaintiffs and others similarly situated, determined Plaintiffs' rate of pay, and maintained employment time records of Plaintiffs and others similarly situated.

30. While employed by Defendant at the Projects, Defendant treated Plaintiffs and other similarly situated as independent contractors, when in fact they were employees.

31. For example, when Defendant compensated Plaintiffs and other similarly situated individuals, the checks and/or direct deposit did not contain payroll deductions.

32. For example, when Plaintiffs and other similarly situated individuals worked in excess of forty hours in any workweek, they were not compensated with an overtime premium.

33. Although Plaintiffs and other similarly situated individuals frequently work more than forty hours per week, they are not paid at the time and a half overtime rate for such overtime work.

34. For example, Plaintiff Farias is compensated at a rate of $19 per hour and often worked in excess of 40 hours per week, but he was not compensated at the time and a half overtime rate for his hours over forty in any one workweek.

35. For example, Plaintiff De Jesus is compensated at a rate of $25 per hour and often worked in excess of 40 hours per week, but he was not compensated at the time and a half overtime rate for his hours over forty in any one workweek.

36. For example, Plaintiff Perozo-Ferreira was compensated at a rate of $12 per hour and often worked in excess of 40 hours per week, but she was not compensated at the time and a half overtime rate for her hours over forty in any one workweek.

37. Plaintiff Luna is compensated at a rate of $20 per hour and often worked in excess of 40 hours per week, but he was not compensated at the time and a half overtime rate for his hours over forty in any one workweek.

38.     Defendant Strickland deducted approximately 5% from the weekly pay of each Plaintiff and others similarly situated. Such a deduction was not for wage or withholding taxes or in accordance with the law, nor was it authorized by Plaintiffs.

39.     Plaintiffs and others similarly situated were and are required to drive several hours from their homes in North Carolina to jobsites throughout Virginia. Plaintiffs stay overnight near the jobsite locations and then drive home at the end of the workweek.

40.     Defendant was required by law to maintain accurate records of the wages paid and hours worked. Such records, if maintained, will document in detail the work by Plaintiffs and others similarly situated that was not properly compensated. Such records are in the exclusive control of Defendant.

41.     As the employer of Plaintiffs and other similarly situated individuals, Defendant is liable for the unpaid wages of Plaintiffs and other similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

42.     This action is maintainable as an opt-in collective action pursuant to 29 U.S.C. § 216(b) and Va. Code § 40.1-29(J).

43.     Defendant failed to pay Plaintiffs and all others similarly situated one-and-a-half times their regular rate of pay for those hours worked in excess of forty in any one workweek, as required by the FLSA, even though Plaintiffs and others similarly situated regularly worked more than forty hours during workweeks, in violation of 29 U.S.C. § 207.

44.     Defendant illegally deducted wages from Plaintiffs and others similarly situated that were not for payroll, wage, or withholding taxes or otherwise in accordance with law, in violation of Virginia Code § 40.1-29(C).

45. Defendant required Plaintiffs to sign a document forfeiting their wages in violation of Virginia Code § 40.1-29(D).

46. This action can, and should, be maintained as a collective action for all claims that can be redressed under the FLSA and the Virginia Wage Payment Law.

47. Plaintiffs seek certification of their claims as a collective action on behalf of all past and present non-exempt employees of Defendant Strickland who, while working for Defendant Strickland, were not compensated one-and-a-half times their regular rate of pay for those hours worked in excess of forty in any one workweek, at any time from the earliest date permitted by law until the date of judgment.

48. Plaintiffs seek certification of their claims as a collective action on behalf of all past and present non-exempt employees of Defendant Strickland who, while working for Defendant Strickland, had monies deducted from their paycheck that were not for payroll, wage, or withholding taxes or otherwise in accordance with law.

49. Plaintiffs seek certification of their claims as a collective action on behalf of all past and present non-exempt employees of Defendant Strickland who, while working for Defendant Strickland, were required to sign a document that they were independent contractors.

50. Members of each respective proposed collective actions are similarly situated. Members of the proposed collective actions have been subjected to the same or substantially the same pay policies and practices. The identities of the members of the proposed collective actions are known to Defendants and can be located through Defendants' records.

51. Plaintiffs hereby consent to be party plaintiffs in this action under 29 U.S.C. § 216(b) and any state law claim with respect to which such consent is required. Plaintiffs' written

consents are attached hereto. If this case does not proceed as a collective action, Plaintiffs intend to seek relief individually.

## CLASS ACTION ALLEGATIONS

52. Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring class-action claims for misclassification under Va. Code Ann. § 40.1-28.7:7.

53. Plaintiffs bring these class-action claims on behalf of themselves and all other individuals who: 1) were classified as independent contractors, and 2) were employed by Defendant, and 3) performed construction work for Defendant in Virginia; at any time from the earliest date actionable under the limitations period applicable to given claim until the date of judgment. ("Proposed Rule 23 Class").

54. Members of the Proposed Rule 23 Class are readily ascertainable. The identity of class members may be determined from Defendants' records.

55. The Proposed Rule 23 Class meets all the requirements of Rule 23(a) and (b)(3):

a. Numerosity: Upon information and belief, there are scores of persons who worked for Defendant Strickland that have been subjected to the challenged practices. Therefore, joinder of all class members would be impracticable.

b. Commonality: Plaintiffs and all members of the Proposed Rule 23 Class have been compensated pursuant to the unlawful practices alleged herein and, therefore, one or more questions of law or fact are common to the Proposed Rule 23 Class. These common questions include, but are not limited to, the following:

    i. Whether Defendant Strickland is an employer of Plaintiffs and members of the Proposed Rule 23 Class;

      ii.    Whether Defendant Strickland misclassified Plaintiffs and members of the proposed Rule 23 Class as independent contractors;

      iii.    Whether Defendant Strickland's misclassification resulted in its failure or refusal to pay Plaintiffs and members of the Proposed Rule 23 Class wages at overtime premium rates for all time worked in excess of 40 hours per week and failed to provide other benefits guaranteed employees.

c. Typicality: Plaintiffs and members of the Proposed Rule 23 Class were subjected to the same unlawful policies, practices, and procedures and sustained similar losses, injuries, and damages. All class members were subjected to materially similar compensation practices by Defendant Strickland, as alleged herein, and were denied lawfully owed payments and misclassified as independent contractors.  Plaintiffs' claims are therefore typical of the claims that could be brought by any member of the Proposed Rule 23 Class, and the relief sought is typical of the relief that could be sought by each member of the Proposed Rule 23 Class in separate actions.

d. Adequacy of Representation: Plaintiffs are able to fairly and adequately protect the interests of all members of the Proposed Rule 23 Class, as they are challenging the same practices as the Proposed Rule 23 Class as a whole, and there are no known conflicts of interest between Plaintiffs and the members of the Proposed Rule 23 Class. Plaintiffs have retained counsel who have extensive experience with the prosecution of wage-and-hour claims and complex class-action litigation.

e. Predominance and Superiority: The common questions identified above predominate over any individual issues. A class action is superior to individual adjudications of

this controversy. Pursuit of this action as a class would provide an efficient mechanism for adjudicating the claims of Plaintiffs and the members of the Proposed Rule 23 Class.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT (FLSA) – OVERTIME
### (On Behalf of All Plaintiffs)

56. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

57. The FLSA requires employers to pay non-exempt employees an overtime premium of one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

58. Defendants violated the FLSA by knowingly failing to pay Plaintiffs and other similarly situated individuals one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

59. Plaintiffs were "employees" and Defendants were their "employer" under 29 U.S.C. § 203.

60. Defendants violations of the FLSA were repeated, knowing, willful, and intentional.

61. Defendants are liable to Plaintiffs, and all other similar situated individuals, under the FLSA, 29 U.S.C. § 216(b), for all unpaid wages and unpaid overtime wages, plus an equal amount in liquidated damages, attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

## COUNT II
## VIOLATION OF VIRIGNIA WAGE PAYMENT LAW – VIRIGNIA CODE § 40.1-29
### (On Behalf of All Plaintiffs)

62. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

63. Virginia Code § 40.1-29 provides that "[n]o employer shall withhold any part of the wages or salaries of any employee except for payroll, wage or withholding taxes or in accordance with the law, without the written and signed authorization of the employee."

64. Virginia Code § 40.1-29 provides that "[n]o employer shall require any employee . . . to sign any contract or agreement which provides for the forfeiture of the employee's wages for time worked as a condition of employment or the continuance therein, except as otherwise provided by law."

65. Virginia Code § 40.1-29 provides that an employee shall be timely "paid all wages or salaries due him for work performed . . . ."

66. Virginia Code § 40.1-29 provides that "if an employer fails to pay wages to an employee in accordance with this section, the employee may bring an action, individually, jointly, with other aggrieved employees, or on behalf of similarly situated employees as a collective action consistent with the collective action procedures of the Fair Labor Standards Act, 29. U.S.C. § 216(b), against the employer in a court of competent jurisdiction to recover payment of the wages, and the court shall award the wages owed, an additional equal amount as liquidated damages, plus prejudgment interest . . . and reasonable attorney fees and costs."

67. Virginia Code § 40.1-29 also provides that "[i]f the court finds that the employer knowingly failed to pay wages to an employee in accordance with this section, the court shall

13

award the employee an amount equal to triple the amount of wages due and reasonable attorney fees and costs."

68. Defendant violated Virginia law by knowingly failing to pay Plaintiffs and others similarly situated their wages due by knowingly deducting monies from their pay.

69. Defendant violated Virginia law by requiring Plaintiffs and others similarly situated to sign agreements that they were independent contractors, forfeiting some of their wages due as employees.

70. Plaintiffs are "employees" and Defendant is their "employer."

71. Defendant's violation of Virginia law are repeated, knowingly, willful, and intentional.

## COUNT III
### MISCLASSIFICATION -- Va. Code § 40.1-28.7:7
### (On Behalf of All Plaintiffs)

72. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

73. Va. Code § 40.1-28.7:7 provides that "[a]n individual who has not been properly classified as an employee may bring a civil action for damages against his employer for failing to properly classify the employee if the employer had knowledge of the individual's misclassification."

74. Va. Code § 40.1-28.7:7 further provides that "[i]f the court finds that the employer has not properly classified the individual as an employee, the court may award the individual damages in the amount of any wages, salary, employment benefits, including expenses incurred by the employee that would otherwise have been covered by insurance, or other compensation

lost to the individual, a reasonable attorney fee, and the costs incurred by the individual in bringing the action."

75. Defendants improperly classified Plaintiffs and similarly situated individuals as independent contractors rather than employees, resulting in a denial to Plaintiffs and similarly situated individuals of overtime premiums and other employment benefits including insurance coverage and insurance benefits (including unemployment insurance benefits) which they would have been entitled to receive if they had been properly classified as employees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court certify an FLSA and Virginia Wage Payment Law collective action and a Virginia Misclassification Law (Va. Code § 40.1-28.7:7) class action, enter judgment against Defendant on all counts, and grant Plaintiffs and all similarly situated individuals the following relief:

a. Unpaid wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C § 216;

b. Unpaid wages, plus an amount equal to two times the amount of unpaid wages earned as liquidated damages, pursuant to Virginia Code § 40.1-29;

c. Unpaid wages, employment benefits, and other compensation owed to Plaintiffs and similarly situated individuals resulting from Plaintiffs' misclassification as independent contractors, pursuant to Va. Code § 40.1-28.7:7.

d. Such equitable relief as may be appropriate including enjoining Defendant from further violations of these laws;

e. Reasonable attorneys' fees and expenses incurred in the prosecution of this action;

f. Costs that Plaintiffs incur in the prosecution of this action;

g. Prejudgment and post-judgment interest as permitted by law; and

h. Award any additional relief the Court deems just.

Dated: December 22, 2020                     Respectfully submitted,

/s/ Rachel Nadas
Rachel Nadas, VSB # 89440
Matthew K. Handley (*pro hac vice forthcoming*)
HANDLEY FARAH & ANDERSON PLLC
777 6th Street, NW – Eleventh Floor
Washington, DC  20001
Telephone:    202-899-2991
email: rnadas@hfajustice.com

Matthew B. Kaplan, VSB # 51027
THE KAPLAN LAW FIRM
1100 N Glebe Rd, Suite 1010
Arlington, VA 22201
(703) 665-9529
mbkaplan@thekaplanlawfirm.com

*Attorneys for Plaintiffs*