UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| HECTOR FARIAS, *et al*.<br><br>*individually and on behalf of themselves and others similarly situated,*<br><br>    *Plaintiffs*,<br><br>v.<br><br>STRICKLAND WATERPROOFING COMPANY, INCORPORATED,<br><br>    *Defendant.* | CASE NO. 3:20-cv-00076<br><br>MEMORANDUM OPINION & ORDER<br><br>JUDGE NORMAN K. MOON |

Plaintiffs Hector Farias, David De Jesus, Osmely Perozo-Ferreira and Antonio Luna were employed by Strickland Waterproofing Company, Inc., for various periods beginning in June 2017. They filed this complaint against Strickland on behalf of themselves and as representatives of a proposed collective action and Rule 23 class, alleging claims for violation of the Fair Labor Standards Act ("FLSA") and Virginia statutes governing wage payment and worker classification. Because this matter is before the Court on Strickland's motion to dismiss, the Court must assume the truth of all well-pleaded factual allegations in the Plaintiffs' complaint, and draw all reasonable inferences therefrom in their favor. Strickland argued that the FLSA statute of limitations barred Plaintiffs' federal claims arising before December 22, 2018 or in any event before December 22, 2017, and that the state law claims could only date back to July 1, 2020, when the statutes in question came into effect.

1

For the following reasons, the Court will deny Strickland's motion to dismiss the FLSA claims based on events between December 22, 2017 and December 22, 2018, grant the motion to dismiss the FLSA claims based on events before December 22, 2017, and find moot the motion to dismiss state law claims based on events before July 1, 2020.

## Background

As described in the complaint, Plaintiff Farias began working for Strickland around June 2017; the other plaintiffs were hired between then and October 2019. Dkt. 1 ¶¶ 15, 16, 17, 18. Plaintiffs Farias, De Jesus, and Luna are still employed by Strickland. Id. Plaintiffs allege that they and others similarly situated "were required to sign a document agreeing to be treated as independent contractors" when the parties' actions in fact created an "employer-employee relationship" between Strickland and each plaintiff. Id. ¶¶ 19, 29. Though their workweeks frequently exceed forty hours per week, Plaintiffs "are not paid at the time and a half overtime rate for such overtime work." Id. ¶¶ 31, 33.

Plaintiffs' compensation contained no payroll deductions; rather Plaintiffs assert that Strickland "deducted approximately 5% from the weekly pay of each Plaintiff and others similarly situated" without their consent and "not for wage or withholding taxes or in accordance with the law." Id. ¶ 38.

Plaintiffs filed their complaint on behalf of themselves and the proposed collective action and Rule 23 class on December 22, 2020. Dkt. 1. Plaintiffs raise three claims in their complaint. The first is for violation of the FLSA. Id. ¶¶ 56–61. The second claim is for violations of the Virginia statute on wage payment, Va Code § 40.1–29. Id. ¶¶ 62–71. The third is for violation of

the Virginia statute on worker misclassification, VA CODE § 40.1–28.7:7. Id. ¶¶ 72–75. Strickland filed a motion to dismiss in part, Dkt. 12, which the court addresses here.[1]

## Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim. The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, King v. Rubenstein, 825 F.3d 206, 212 (4th Cir. 2016). A motion to dismiss "does not, however, resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Id. at 214.

Although the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotations omitted). That is not to say Rule 12(b)(6) requires "heightened fact pleading of specifics"; instead, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Still, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

---

[1] Because neither party requested a hearing on this motion, the Court resolves this question without a hearing.

**Reasoning**

1. <u>The FLSA Two-Year Statute of Limitations</u>

Plaintiffs first claim that Strickland knowingly failed to pay overtime compensation in violation of the Fair Labor Standards Act. Dkt. 1 ¶ 58. They allege that the nature of their relationship with Strickland makes them employees under the FLSA, and that Strickland willfully violated the FLSA by withholding pay at one and a half times their usual hourly rate for hours worked in excess of 40 hours per week. <u>Id.</u> ¶¶ 58–60. Strickland maintains that Plaintiffs have not made sufficient allegations to support an inference that the FLSA violation was willful, and that as a consequence the FLSA's general two-year statute of limitations applies rather than the three-year statute of limitations for willful violations. Dkt. 8 at 2–3. Strickland accordingly argues that any claims based on overtime work performed before December 22, 2018 should be dismissed as time-barred. <u>Id.</u>

Plaintiffs maintain that considering the statute of limitations at this stage is inappropriate because an affirmative defense should not be addressed on a motion to dismiss unless the complaint contains on its face facts that amount to an impenetrable defense. Dkt. 11 at 2–3. Such is not the case here, Plaintiffs assert, because their complaint includes factual allegations which fall within the statute of limitations. <u>Id.</u> at 3. Plaintiffs further argue that if the statute of limitations is considered at this stage, an allegation of willfulness is itself sufficient to support application of the three-year statute of limitations. <u>Id.</u> at 3–4. Finally, Plaintiffs argue that should the Court require factual allegations to support the inference of willfulness, such allegations were provided in the complaint. <u>Id.</u> at 4–5.

The FLSA generally provides for a statute of limitations, barring as untimely claims arising more than two years before the filing of a plaintiff's lawsuit. 29 U.S.C. § 255(a).

However, when a plaintiff raises a claim that a defendant willfully violated the FLSA, the limitations period is extended to three years before the plaintiff filed suit. Id.

While the Fourth Circuit has yet to rule on the issue, district courts within this circuit have repeatedly held that a plaintiff "does not need to allege specific facts" to support an allegation "that defendants willfully violated the FLSA" for the application of a three-year statute of limitations at the motion to dismiss phase. Rose v. Harloe Mgmt. Corp., No. CV GLR-16-761, 2017 WL 193295, at *4 (D. Md. Jan. 17, 2017). *See also* Aviles-Cervantes v. Outside Unlimited, Inc., 276 F. Supp. 3d 480, 491 (D. Md. 2017); Hardy v. Lewis Gale Med. Ctr., LLC, 377 F. Supp. 3d 596, 618 (W.D. Va. 2019).

The Ninth and Tenth Circuits have addressed this issue directly and have similarly held that an allegation of willfulness is sufficient. Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 903 (9th Cir. 2013); Fernandez v. Clean House, LLC, 883 F.3d 1296, 1299–1300 (10th Cir. 2018). In any event, Plaintiffs' complaint survives a motion to dismiss if its allegations reach "facial plausibility" such that "the pleaded factual content allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 662, 663. This consideration is "context specific, requiring the reviewing court to draw on its experience and common sense." Id. at 663–64.

Considering the statute of limitations raised as affirmative defense on a motion to dismiss, the issue is whether Plaintiffs' complaint fails on its face to plausibly allege a willful violation of the statute. "An affirmative defense permits 12(b)(6) dismissal if the face of the complaint includes all necessary facts for the defense to prevail." Leichling v. Honeywell Int'l, Inc., 842 F.3d 848, 850–51 (4th Cir. 2016) (citations omitted). An employer's behavior is willful for the purposes of the FLSA statute of limitations when the employer "either knew or showed

reckless disregard as to whether its conduct was prohibited by the FLSA." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).

In this case, Plaintiffs allege that the violations date back at least to 2017, when Plaintiff Farias began his employment with Strickland, and that the violations were "repeated, knowing, willful and intentional." Dkt. 1 ¶¶ 15, 60. Plaintiffs support the allegation of willfulness with factual allegations that they have frequently worked in excess of 40 hours per week without overtime pay, and Strickland had "extensive involvement in assigning them that work, supervising them, tracking their time, controlling their schedules, and providing them with tools while simultaneously treating them as independent contractors and requiring them to sign a document stating as much." Dkt. 11 at 5. *See also* Dkt. 1 ¶¶ 19–33. Strickland's control of Plaintiffs' schedules includes tracking of their hours through the "uAttend" app. Dkt. 1 ¶ 26. This conduct has taken place while Plaintiffs were "in fact employees of Defendant Strickland." Id. ¶ 20.

Accepting Plaintiffs' well-pleaded facts as true and taking all reasonable inferences in their favor, the Court finds that Plaintiffs' allegations sufficiently support the willfulness of the alleged FLSA violations. The allegations, if true, indicate direct control and knowledge of Plaintiffs' schedules and tasks by Strickland, and likewise Strickland's knowledge that these schedules regularly reflected more than 40 hours worked within a week, without overtime pay. Where the structure of a business is such that the defendant "would have knowledge of the conduct that allegedly violated the FLSA," the willfulness of the violations "depend[s] largely upon Defendants' knowledge of the pertinent requirements of the FLSA." Fernandez, 883 F.3d at 1300. Given common knowledge of overtime requirements, the Court finds it reasonable to infer that Strickland knew, or recklessly disregarded the possibility, that its practices violated the

FLSA.[2] While ultimately "the burden to establish willfulness rests with the employee," employer willfulness "is generally a question of fact." Calderon v. GEICO Gen. Ins. Co., 809 F.3d 111, 130 (4th Cir. 2015). Where, as here, the fact of willfulness is sufficiently alleged and supported by accompanying and relevant allegations of fact, the Court concludes that resolving such a question of fact and thus limiting Plaintiffs' claims to those within the two-year statute of limitations is inappropriate at this point. Instead, the Court will apply the FLSA three-year statute of limitations for claims concerning willful violations of the statute.

2. The FLSA Three-Year Statute of Limitations

As noted above, "an affirmative defense permits 12(b)(6) dismissal if the face of the complaint includes all necessary facts for the defense to prevail." Leichling, 842 F.3d at 850–51 (citations omitted). The longest possible statute of limitations for the FLSA claims reaches back to December 22, 2017, three years before the filing of the complaint on December 22, 2020. Dkt. 1. Of the individual plaintiffs, only Plaintiff Farias was employed by Strickland before December 22, 2017. Id. ¶¶ 15–18. Plaintiffs do not dispute the dismissal of claims arising before that date. The Court concludes that any claims by Plaintiff Farias or other proposed class members based on the FLSA violations prior to December 22, 2017, are time-barred.

3. State Law Claims

Strickland requests the Court to dismiss any claims under the Virginia statutes governing wage payment and worker classification arising from violations which occurred prior to July 1, 2020, when the laws came into effect. Dkt. 8 at 2–7. However, Plaintiffs do not advance any

---

[2] The Department of Labor describes contractor misclassification in the construction industry as "one of the most common" FLSA problem. DEPT. OF LABOR, *Fact Sheet 13: Employment Relationship Under the Fair Labor Standards Act (FLSA)*, https://www.dol.gov/agencies/whd/fact-sheets/13-flsa-employment-relationship (last visited June 2, 2021).

state law claims for violations prior to July 1, 2020. Dkt. 11 at 6. Since no claims in that period are contested, the Court finds that the motion to dismiss such claims is moot.

For these reasons, the Court will **DENY in part, GRANT in part** and **find MOOT in part** Strickland's motion to dismiss. Dkt. 7. Because the Court has allowed Plaintiffs' claims to proceed and rejected Strickland's argument for a two-year statute of limitations, the Court finds no basis on which to award attorney's fees and costs to Strickland.

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Memorandum Opinion & Order to all counsel of record.

Entered this __3rd__ day of June, 2021.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE