**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

HECTOR FARIAS, *et. al*.,

*Plaintiffs*,

v.

STRICKLA ND WATERPROOFING COMPANY, INC.,

*Defendant.*

CASE NO. 3:20-cv-00076

MEMORANDUM OPINION & ORDER

JUDGE NORMAN K. MOON

The plaintiffs in this case have brought this putative collective action under the Fair Labor Standards Act and its Virginia state-law analog, suing for Strickland Waterproofing's alleged failure to pay them required overtime and unlawful withholding of portions of their hourly wages. The plaintiffs argue that Strickland avoided paying required overtime by improperly characterizing them as independent contractors. The plaintiffs move for conditional certification of a collective action class. The only issue at this time is whether the Court should limit the class to Strickland's employees in Virginia (as Strickland argues), or whether the class can extend to similarly classified persons who worked for Strickland as independent contractors in other states. For the following reasons the Court will grant Plaintiffs' motion for conditional certification, including the proposed out-of-state class members.

Background

Plaintiffs Hector Farias, David de Jesus and Osmely Perozo-Ferreira, have brought a putative collective and class action complaint against Defendant Strickland Waterproofing Company, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et*

*seq.*, and the Virginia Overtime Wage Act ("VOWA"), Va. Code § 40.1-29.2.[1] Plaintiffs also brought a count alleging Strickland violated a Virginia statute prohibiting misclassification of workers. Va. Code § 40.1-28.7:7. Plaintiffs have alleged that Strickland violated the FLSA by "failing to pay their employees the legally required overtime rate for hours worked over forty" per week, that Strickland violated the VOWA by "unlawfully deducting money from their paychecks and requiring them to sign independent contractor agreements," and that Strickland violated Virginia law by "misclassifying their employees as independent contractors," Dkt. 1 ("Compl.") ¶ 3.

The named Plaintiffs are residents of North Carolina that are/were employed by Strickland as construction workers at construction sites in and around Virginia, including Charlottesville. *Id.* ¶¶ 7–9. Strickland is a waterproofing company based in Charlotte, North Carolina that does work on construction sites "in the Southeastern United States," and does "substantial work" in Virginia, including various projects in the Charlottesville area. *Id.* ¶ 11; *see also id.* ¶ 14.

Plaintiffs allege that Strickland required Plaintiffs and others similarly situated to sign documents agreeing to be treated as independent contractors. *Id.* ¶ 19. However, Plaintiffs argue that they (and others similarly situated) are in fact Strickland's employees, as it 1) sets their schedules, determining the days and hours they are needed on each worksite; 2) provides them with equipment and tools; 3) supervises them directly; 4) provides them their daily work assignments and supervises their day-to-day work; 5) requires them to "punch in" using a

[1] In their briefing, the parties refer to the Virginia statute as Virginia's Wage Payment Law or "VWPL." For ease of reading, the Court has replaced those references with "VOWA."

"uAttend" application that Strickland uses to record hours worked by Plaintiffs, among other factors. *See id.* ¶¶ 19–29.

Plaintiffs also allege that while they were Strickland's employees, they were treated improperly as independent contractors. *Id.* ¶ 30; *see also id.* ¶¶ 19, 31–33. Plaintiffs "often worked in excess of 40 hours per week," however they "were not compensated at the time and a half overtime rate for [their] hours over forty in any one workweek." *Id.* ¶¶ 34–37. Moreover, Strickland deducted 5% from their weekly pay and those of others similarly situated, which was not for wage or withholding of taxes, and therefore Plaintiffs argue that deduction was also unlawful. *Id.* ¶ 38.

Strickland previously filed a motion to dismiss, arguing that the FLSA statute of limitations barred Plaintiffs' federal claims arising before December 22, 2018, or at a minimum, before December 22, 2017. The Court agreed in part, holding that the FLSA barred claims based on events before December 22, 2017, but denied it with respect to claims arising after that date. The parties agreed the Virginia law claims could only concern events after July 1, 2020, the date the statute went into effect. *See* Dkt. 16 (opinion granting in part and denying in part motion to dismiss).

Briefing on Motion for Conditional Certification of FLSA/VOWA[2] Class

Plaintiffs thereafter moved for conditional certification of a collective action and facilitation of a notice to the potential class-members. Dkt. 22. Plaintiffs define the proposed "Collective Action Class" as follows:

> All workers who, at any time after June 23, 2018, performed work for Strickland who Strickland classified or compensated as independent contractors, including all

[2] The VOWA adopts the FLSA collective action procedure. *See* Va. Code § 40.1-29(J). Plaintiffs have not sought to include their Virginia misclassification law claim in their request for relief. *See* Dkt. 23 at 2.

> workers who Strickland treated as not being entitled to overtime pay for overtime work.

Dkt. 23 at 2.

The motion also requested that the Court order Strickland to produce to Plaintiffs' counsel, within 20 days, the full name and last known address, telephone number, and e-mail address of every person who is a member of the Collective Action Class; and approve Plaintiffs' proposed Notice Form and consent to Join Suit Form. Dkt. 23 at 2.

Strickland filed an opposition to the motion. Dkt. 24. Strickland argued that Plaintiffs' Collective Action Class "would be too broad to achieve the requisite 'similarly situated' component necessary to allow for conditional certification under the FLSA and [VOWA]." *Id.* at 1. Therefore, Strickland asked that conditional certification "be limited to only individuals who conducted work *in Virginia* after June 23, 2018." *Id.* (emphasis added). In Strickland's view, "only those individuals who performed work in Virginia could possibly be subject to common policies and practices which violate the FLSA *and* the [VOWA]." *Id.* at 3–4.

Strickland raised several arguments in support of its position. First, Strickland argued that Plaintiffs "failed to demonstrate workers outside of Virginia are 'similarly situated.'" *Id.* at 4. Strickland asserted that, in cases "where conditional class certification was granted, Plaintiffs alleged similar job descriptions, duties, nature of work, in order to prove they are similarly situated to other potential class members," while here, Strickland argued, Plaintiffs had failed to show their jobs were similar to other proposed individuals in the class. *Id.* Strickland contended Plaintiffs could have introduced "evidence of similar job descriptions," but failed to show that the proposed class "performed the same work, or held the same job duties." *Id.* at 5. Strickland also argued that "there is little evidence provided here to prove that individuals outside of Virginia would be similarly situated to Plaintiffs." *Id.* "Not only is there almost no detail about

the type of work performed, but there is also no allegation that the Plaintiffs worked anywhere but in Virginia." *Id.* Accordingly, Strickland contended that it would be "illogical to extend the purported class beyond individuals who have worked anywhere but Virginia." *Id.*

*Second*, Strickland contended that the fact that Plaintiffs raised both FLSA and VOWA claims "required the exclusion of workers outside of Virginia." *Id.* at 6. In their view, Plaintiff sought to pursue a collective action under both claims, but, Strickland argued, "it is unclear at this time how Plaintiffs can assert that those individuals who did not work in the Commonwealth of Virginia could possibly have claims under both the FLSA and the [VOWA], thus mitigating those eligible to join the proposed class." *Id.* Accordingly, Strickland asserted that "certifying a class outside the scope of individuals who worked in Virginia would be overly broad and inappropriate at this time," and would subject Strickland to increased, inappropriate discovery costs and inefficiency. *Id.* at 7.

Law

An action alleging FLSA violations may be brought "against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* Such "collective actions" allow participating plaintiffs the ability to lower the costs needed to vindicate their rights by pooling resources, and, for their part, the courts benefit by being able to efficiently resolve in one proceeding "common issues of law and fact arising from the same alleged [unlawful conduct]." *See Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The FLSA thus requires plaintiffs to a collective action to be "similarly situated," and they must affirmatively "opt-in" by filing with the court

written consent to join the action. *See Houston v. URS Corp.*, 591 F. Supp. 2d 872, 831 (E.D. Va. 2008); 29 U.S.C. § 216(b).

The issue whether to grant conditional certification and facilitate notice is a discretionary decision of the court. *See Hoffman-LaRoche*, 493 U.S. at 169–70; *Edwards v. Optima Health Plan*, No. 2:20-cv-192, 2021 WL 1174724, at *3 (E.D. Va. Mar. 29, 2021). Courts in the Fourth Circuit have generally followed a two-stage approach to certification of an FLSA collective action. *See, e.g.*, *Stacy v. Jenmar Corp. of Va., Inc.*, No. 1:21-cv-15, 2021 WL 4787278, at *2 (W.D. Va. Oct. 14, 2021); *Mendoza v. Baird Drywall & Acoustic, Inc.*, No. 7:19-cv-882, 2021 WL 2435873, at *3 (W.D. Va. June 15, 2021). At the first stage, the court must determine whether "there is sufficient evidence to reasonably determine that the proposed class members are similarly situated enough to conditionally certify the collective action and provide potential class members with initial notice of the action and the opportunity to 'opt-in.'" *Houston*, 591 F. Supp. 2d at 831. The FLSA does not define the term "similarly situated" and the Fourth Circuit has not yet interpreted its meaning. *Stacy*, 2021 WL 4787278, at *2. However, district courts in the Fourth Circuit have held that plaintiffs are similarly situated under § 216(b) if they "raise a similar issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions." *Id.* (quoting *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011)). The standard is "fairly lenient" and requires "only minimal evidence, such as factual evidence by affidavits or other means." *Mendoza*, 2021 WL 2435873, at *3 (citations omitted).

The court proceeds to stage two if the defendant files a motion for decertification, which usually occurs when discovery is virtually complete. *Houston*, 591 F. Supp. 2d at 832; *Dearman v. Coll. Hous. Servs., Inc.*, No. 5:17-cv-57, 2018 WL 1566333, at *2 (W.D.N.C. Mar. 30, 2018).

At that stage, the court applies a "heightened fact specific standard to the 'similarly situated' analysis." *Mendoza*, 2021 WL 2435873, at *3 (quoting *Long v. CPI Sec. Sys., Inc.*, 292 F.R.D. 296, 299 (W.D.N.C. 2013)). If the plaintiffs establish they are "similarly situated," the collective action proceeds to trial; if the court determines that the plaintiffs are not "similarly situated," the class is decertified, and the original plaintiffs may proceed on their individual claims. *Mendoza*, 2021 WL 2435873, at *3 (citations omitted).

Reasoning

On the "fairly lenient" standard for conditional certification of a collective action that requires "only minimal evidence," Plaintiffs have put forward a sufficient showing that those included in the proposed Collective Action Class—including out-of-state persons working for Strickland—"raise a similar issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions." *See Stacy*, 2021 WL 4787278, at *2; *Mendoza*, 2021 WL 2435873, at *3 (citations omitted). Plaintiffs' showing is based on, among other things, a sworn declaration from named Plaintiff Hector Farias and two sworn declarations from named Plaintiff David De Jesus. *See* Dkts. 23-3, 23-5, 25-2.

Strickland argues that Plaintiffs did not provide evidence of job descriptions showing they were similarly situated to others in the proposed Collective Action. To be sure, Plaintiffs' first affidavits offered little description about their work. But Plaintiffs filed a supplemental declaration from Plaintiff De Jesus, clarifying that "the main work that I do for Strickland is waterproofing," which involved "go[ing] to construction sites and do[ing] caulking, sealing, and other tasks to ensure that the project is sufficiently waterproofed." Dkt. 25-2 ¶ 2. Further, Plaintiffs' declaration from Plaintiff Farias attested that he worked with Plaintiff De Jesus,

Perozo-Ferrieira, and Antonio Luna (who had since dropped his claim), supporting the fact that they did similar waterproofing work on construction sites for Strickland. Dkt. 23-3 ¶ 8. For example, Farias further attested that Strickland assigned him to projects that required him to drive to an assigned "worksite a few hours from my home and stay for the week," and that he had worked on "several different projects, including in Richmond, Virginia, and Blacksburg, Virginia." *Id.* ¶ 2. And Plaintiffs' complaint alleged the specific worksites in Richmond, Blacksburg, and elsewhere that named Plaintiffs worked for Strickland. Compl. ¶¶ 14–17. Plaintiffs have therefore put forward sufficient evidence at this stage that they, and others in the proposed Collective Action Class, are similarly situated with respect to the type of work that they performed for Strickland; as well as how Strickland allegedly failed to pay required overtime due to Strickland's employee misclassification, *see id.* ¶¶ 1, 3, 30–41, Dkt. 23-3 ¶¶ 3–8, Dkt. 23-5 ¶¶ 3–9, Dkt. 25-2 ¶¶ 3–6.

Strickland also argued that there was insufficient evidence about the type of work performed in *other* states. However, Plaintiffs have supplied enough evidence to satisfy that showing as well, at this stage of the case. Plaintiff De Jesus stated in his supplemental declaration that "[a]lthough I have done most of my work for the company in Virginia, I once worked on a project for a few days in Raleigh, North Carolina," and that "[w]hen I worked in Raleigh, I was paid the same way as I am when I perform work in Virginia and did the same type of work." Dkt. 25-2 ¶¶ 4–5. Moreover, De Jesus attested that, "[t]o the best of his knowledge, Strickland pays people no differently who work outside Virginia than those who work in Virginia." *Id.* ¶ 6. Thus, there is sufficient evidence at this stage that Strickland's independent contractors in other states including North Carolina, are similarly situated to those employees in Virginia. And authority supports that out-of-state class members of a collective action may be

included even without any named plaintiffs from other states. *See, e.g.*, *Burrell v. Gustech Commc'ns, LLC*, 2019 WL 140090, at *5 (D.S.C. Jan. 9, 2019) (holding that Florida plaintiffs should be included in the class, even without a named plaintiff, when Defendant did not "proffer any argument or evidence that Technicians who worked in Florida were treated differently from Technicians who worked in other states.").

Strickland argues that the collective action should not be certified as to out of state workers, citing *Stone v. SRA International, Inc.*, No. 2:14-cv-209, 2014 WL 5410628 (E.D. Va. Oct. 22, 2014). In that case, the plaintiffs were employees and former employees of SRA, an IT and professional services government contractor, which worked pursuant to "130 contracts negotiated with various government agencies." *Id.* at *2. The named plaintiffs were a network administrator and a systems administrator. In *Stone*, the defendant had argued (and introduced *evidence* to support their position) that while certain job titles may be the same across contracts, the duties "can vary significantly depending on the type of tasks necessitated by a particular contract." *Id.* There, the court found that the Plaintiffs *had* provided sufficient evidence "that the duties of Network and Systems Administrators working on the Afloat contract team are similar enough to give the Court sufficient reason to believe that there are issues common to the proposed class that are central to the disposition of their FLSA claims and that such common issues can be substantially adjudicated without consideration of facts unique or particularized as to each class member." *Id.* at *8. However, the court concluded that the plaintiffs had "failed to present evidence to warrant a *nationwide* class." SRA had "thirty work locations in seventeen states," pursuant to "130 different contracts." *Id.* The court in *Stone* concluded that plaintiffs had presented no evidence that the job duties of the network and systems administrators were the same outside the particular "Afloat" contract team, while the defendants had "presented

countervailing evidence that the [positions] perform different work in their daily activities on the Afloat contract compared to the other locations and other contracts." *Id.* at *9.

Here, Strickland is a waterproofing company and Plaintiffs have provided evidence that they are doing construction-type work as waterproofers on construction sites in other states like North Carolina just like they were doing for Strickland in Virginia. Strickland is not comparably positioned to the defendant government contractor at issue in *Stone*, nor has it presented any countervailing evidence that the work it performs outside Virginia is different in any way from that which it performs in Virginia. The latter point is particularly significant and further renders Strickland's reliance on *Stone* misplaced. Strickland has argued that its discovery costs would be greater if out-of-state workers were included in the class. That may be true, but again Strickland has not put forward evidence showing that those out-of-state workers are not similarly situated, nor advanced any other reason why any greater expense in discovery would not still be serving a valid purpose in advancing this action.

Strickland also argues that Plaintiffs' inclusion of VOWA claims as well as FLSA claims effectively limits the class to Virginia plaintiffs. Not so. Plaintiffs concede that non-Virginia Plaintiffs would not be able to *recover* on Virginia law claims. *See* Dkt. 25 at 7 ("Plaintiffs who did not work in Virginia will not be eligible for [VOWA] damages"). But the Court can see no reason (and Strickland has presented none) why certain non-Virginia plaintiffs should be *excluded* entirely from the collective action, because they would not be eligible for certain damages that Virginia Plaintiffs would, even though they too, like the Virginia Plaintiffs, would be eligible for FLSA damages.

Plaintiffs have also requested that the Court proceed with an identification and notice plan for potential members of the Collective Action Class. *See* Dkt. 23 at 11–13. Strickland did

not object to the proposed identification plan and proposed notice. *See* Dkt. 24. The Court finds such plan and notice appropriate, with the following modifications to the proposed notice.

1. On the top of page 1, after the line on the first page of the proposed notice which states that "The Court has authorized this notice but has not decided whether Defendants have violated federal or Virginia law," the notice shall also state: "This notice does not imply in any way the Court's endorsement of Plaintiffs' claims."
2. In Section II, entitled "Who Can Join," the notice shall add the underlined language: "This case may be joined by any person who worked for Strickland at any time on or after June 23, 2018, and was classified or treated by Strickland as an independent contractor."
3. On page 1 and 2, the bracketed portions of the notice shall reflect that the consent form be received back by "60 days from date of postal mailing."

For these reasons, it is **ORDERED** that

1. Plaintiffs' motion for conditional certification of a collective action is **GRANTED**, Dkt. 22;
2. A collective action is **CERTIFIED** as to the following individuals:

    > All workers who, at any time after June 23, 2018, performed work for Strickland who Strickland classified or compensated as independent contractors, including all workers who Strickland treated as not being entitled to overtime pay for overtime work.

3. Strickland provide Plaintiffs, within **twenty (20) days** of this decision, the full name, last known address, telephone number(s), and email addresses of each and every individual that is a member of the collective action, in a reasonably usable electronic format if practicable to transmit the information in such format; and
4. Plaintiffs' Proposed Notice and Consent to Participate in a collection action forms and proposed methods of transmitting notice are **APPROVED**, with the additions and modifications set forth above.

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum Opinion & Order to all counsel of record.

Entered this 5th day of April, 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE